UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT HAUSMAN, personal representative of DERIK HOWARD,<br><br>         Plaintiff,<br><br>   v.<br><br>DELTA AIRLINES INC., JOHN DOES 1-10,<br><br>         Defendants. | CASE NO. C23-230 MJP<br><br>ORDER DENYING STIPULATED MOTION TO CONTINUE TRIAL DATE AND RELATED DEADLINES |

    This matter comes before the Court on the Parties' Stipulated Motion to Continue Trial Date and Related Deadlines. (Dkt. No. 14.) Having reviewed the Motion and all supporting deadlines, the Court DENIES the Motion without prejudice.

    Rule 16(b)(4) states that "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "[T]he focus of the inquiry is upon the moving party's

reasons for seeking modification" and "[i]f that party was not diligent, the inquiry should end." Id. (citation omitted).

The Parties here ask for a new trial date nine months after the existing trial date and a similarly long extension of the interim case deadlines. The Parties argue that they need the new trial and related dates because a new personal representative has been appointed for the Estate of Derik Howard and that this has delayed some discovery and made compliance with the expert disclosure deadline of November 13, 2023 "no longer feasible." (Mot. at 1-2.) But the Parties do little to explain why the November deadline is not feasible. And they have not provided good cause or explained why the change in personal representative requires a new trial date or an extension of any other case deadlines. The Court therefore DENIES the Motion without prejudice. The Parties may renew their request, but they must provide more detailed and persuasive reasons that demonstrate good cause for the extension of any case deadlines or the trial date. The Parties must also consider and report to the Court on why an extension of a limited subset of interim case deadlines without extending the trial date would be inadequate.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 1, 2023.

Marsha J. Pechman
United States Senior District Judge